IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GERSON AYALA ROMERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-132 |
| | ) | |
| BENJAMIN FORD, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings this case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), his § 2254 petition be **DISMISSED**, and that this civil action be **CLOSED**.

**I.    BACKGROUND**

On August 19, 2010, Petitioner pleaded guilty to multiple crimes, which he does not identify, and was sentenced to twenty years of confinement. (Doc. no. 1, p. 1.) Petitioner does not report filing a direct appeal or any other request for post-conviction relief . (Id. at 2-4.) However, the Court is aware Petitioner filed a prior federal habeas corpus petition. Romero v. Ford, CV 116-170 (S.D. Ga. Sept. 20, 2016).

In that first federal petition, Petitioner reported pleading guilty to several counts of armed robbery, kidnapping, aggravated assault, possession of a firearm during the commission of a crime, possession of a knife during commission of a crime, and theft by taking in the Superior Court of Columbia County, Georgia.[1]  Id., doc. no. 1, p. 1.  He also reported filing an unsuccessful state habeas corpus petition in the Superior Court of Lowndes County, Georgia on August 19, 2013, and the Supreme Court of Georgia denied Petitioner's request for a certificate of probable cause to appeal on September 6, 2016.  Id. at 3, 36.  Petitioner raised four grounds for relief in his first federal petition, but Chief United States District Judge J. Randal Hall dismissed the petition as untimely, and the Eleventh Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability.  Id., doc. nos. 7, 10, 17.  On September 22, 2017, the Court of Appeals also denied Petitioner's request to file a second or successive § 2254 petition.  Id., doc. no. 18-1.

Less than one month after the Eleventh Circuit denied Petitioner's request to file a second or successive petition, he filed the current petition, again raising four grounds for relief:  (1) denial of the right to an interpreter; (2) ineffective assistance of counsel for failing to ask for a continuance to obtain an interpreter; (3) charging by a defective indictment that alleged several charges based on the same conduct; and (4) actual innocence "other than a guilty plea."  (Doc. no. 1, pp. 5-6, 8-9.)  Petitioner asks that he "be allowed to file an appeal to the 2254."  (Id. at 14.)

## II.    DISCUSSION

Pursuant to the Court's power to take judicial notice of its own

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

records, the Court finds that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application successive.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition. In fact, the Eleventh Circuit Court of Appeals specifically rejected Petitioner's request to file a second or successive petition. See Romero v. Warden, No. 17-13919-A, *slip op.* (11th Cir. Sept. 22, 2017.) Without such authorization, this Court cannot consider Petitioner's claims. See id. (affirming dismissal of claims as successive because he did not first file an application with the Eleventh Circuit).

### III.   CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS**

Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), his § 2254 petition be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of October, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA