IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GERSON AYALA ROMERO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 117-132 |
| | ) |
| BENJAMIN FORD, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 5). Petitioner provides no information to change the Magistrate Judge's analysis that the petition, filed pursuant to 28 U.S.C. § 2254, must be dismissed because Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Only one objection warrants specific comment.

The argument that a petitioner need not obtain permission from the Eleventh Circuit to proceed when a prior petition has been dismissed for failing to exhaust claims in state court has no applicability here because Petitioner's first federal petition was dismissed as untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d). See Romero v. Ford, CV 116-170, doc. nos. 7, 9, 10 (S.D. Ga. Nov. 16, 2016). Dismissal of a habeas corpus petition for untimeliness constitutes an adjudication on the merits for purposes of

§ 2244(b)(3)'s second or successive petition requirements. See Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1325 (11th Cir. 2017).

Accordingly, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DENIES AS MOOT** the motion to proceed *in forma pauperis*, (doc. no. 2), and **DISMISSES** this petition.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 16th day of November, 2017, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2